IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD A. BAKER,

        Plaintiff,

v.                                         Case No. 11-2622-JTM

IPC INT'L CORP., et al.,

        Defendants.

MEMORANDUM AND ORDER

The following matter comes to the court on the defendants' Motion for Summary Judgment (Dkt. 43). For the following reasons, the court denies the motion.

**I. Factual Background**

The following facts are uncontroverted for purposes of this motion. Defendants are private corporate entities and are not governmental bodies. Baker is seeking to recover from defendants solely under the full and equal benefits clause of 42 U.S.C. § 1981(a). On July 2, 2011, Baker, a black male, drove his girlfriend's car into the Bath & Body Works parking lot at Town Center Plaza, 5012 W. 119th Street, Leawood, Kansas. Two security guards patrolling the parking lot observed Baker drive into the lot, which Baker noticed. Baker went in to Bath & Body Works to drop the keys off with his girlfriend who worked there. When Baker left the shop, he did not get back in his girlfriend's car. Instead, Baker exited the Town Center Plaza property on foot, looking back towards the security guards at least twice. Baker was walking to his place of employment a short distance away.

After Baker left, one of the security guards called the Leawood Police Department, transmitting the license plate number of the car Baker had parked to the dispatcher and describing Baker's appearance. The dispatcher told the security guard that the car to which the plates were registered had not been reported as stolen, but the Department was sending someone to contact the security guards. At some point before any Leawood police officers arrived, the security guards approached the vehicle Baker had parked and smelled what they believed to be the scent of marijuana coming from inside the vehicle. When Leawood police officers arrived, the security guards suggested that the car might have been stolen and that they should run the plates through their database. The security guards also made the police officers aware of the smell coming from the car.

Meanwhile, another Leawood police officer found Baker walking, got out of his patrol car, and detained Baker for at least twenty minutes to determine whether anything suspicious was transpiring. This made Baker late for work. Baker sued four defendants for the security guards' actions, which he claims denied him the right to the full and equal benefit of the laws under § 1981.

**II. Standard of Review: Summary Judgment**

Summary judgment is appropriate only if the movant establishes that there is "no genuine issue as to any material fact" and that the movant is "entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). In determining whether the moving party is entitled to summary judgment, the court views the evidence and all reasonable inferences therefrom in the light most favorable

2

to the nonmoving party. *Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir. 2002). A fact is material if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Wright ex rel. Trust Co. v. Abbott Labs, Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler*, 144 F.3d at 670 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The movant bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Spaulding*, 279 F.3d at 904 (citing *Celotex*, 477 U.S. at 322-23). In that endeavor, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, movant need simply point out the absence of evidence on an essential element of the other party's claim. *Adams v. Am. Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000) (citing *Adler*, 144 F.3d at 671). If movant meets that burden, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *Spaulding*, 279 F.3d at 904 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

A party is entitled to judgment as a matter of law only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion. *Johnson v. Unified Government of Wyandotte Cnty.*, 371 F.3d 723, 728 (10th Cir. 2004). In reviewing the record, we will not weigh evidence, judge witness credibility, or challenge the factual conclusions of the jury. *Id.* Judgment as a matter of law is

appropriate if there is no legally sufficient evidentiary basis for a claim under the controlling law. *Id.* We consider the evidence, and any inferences drawn therefrom, in favor of the non-moving party. *Id.*

**III. Analysis**

*A. Genuine Issue of Material Facts*

The court finds that there are genuine issues of facts that are material to Baker's discrimination claim. First, the parties provide two different accounts about how Baker pulled into the Town Center Plaza parking lot. This fact is material if Baker's account is correct and he did not speed or squeal the car's tires. Without these facts, Baker's entrance into the lot gave security guards no legitimate grounds for alarm and hints at possible race-based motivations on their part. The evidence from both sides—dueling depositions—weighs equally. Viewing this in the light most favorable to Baker, summary judgment must be denied. *See Spaulding*, 279 F.3d at 904.

Second, the manner with which Baker left the property is in dispute. The security guards claim that Baker exited the store and began walking to the car he had parked, but just before he got to the car, he looked up and saw the officers watching him, then immediately turned around and walked away quickly, as if to avoid them. Baker claims that he came out of the store, immediately made a left on the sidewalk without walking back towards the parking lot, and exited the property, looking over his shoulder a couple of times. Baker claims he looked over his shoulder because he saw one of the security guards in a vehicle following him off of the property. These facts are material for the same reason as above: if Baker's description is accurate, it hints at possible race

4

discrimination by the security guards by subtracting their claimed basis for suspicion. The dispute here is similar to the dispute above, as the only evidence is conflicting testimony.

Finally, the order of certain events is still in dispute. The deposition of one of the security guards reveals conflicting accounts of whether the security guards called Leawood Police Department before or after smelling what they believed to be marijuana in the vehicle Baker had parked. IPC Security Officer Michael Bichelmeyer first testified that they called the Leawood Police Department *after* smelling marijuana. He then testified that he did not recall the order or these events. Later in the deposition, Bichelmeyer guesses that he had not yet smelled the marijuana when he called because he did not include that information in the phone call. Baker asserts that the call came before they smelled the vehicle, and the defendants maintain that the call came after. The only evidence before the court is ambiguous at best, and must be resolved in favor of Baker. The order of these events is material because Baker's account leaves very little suspicious activity upon which the officers could legitimately base their call to Leawood Police Department.

The court finds that the movant party has not established the absence of all genuine issues of these material facts. As a result, the court denies defendants' motion for summary judgment.

*B. Judgment as a Matter of Law*

Regardless of any facts at issue, defendants argue that they cannot be material, because even if all the facts are resolved in favor of Baker he should lose as a matter of

5

law. Essentially, defendants' motion asserts two arguments: (1) state action is a necessary element of a § 1981 equal benefit claim, which Baker does not allege and cannot demonstrate; and (2) regardless of the state action issue, Baker does not allege and cannot prove facts demonstrating a prima facie violation of the equal benefit clause. The court disagrees and declines to grant defendants judgment as a matter of law.

    1. No State Action Required for § 1981 Claim

Section 1981(a) establishes four protected interests: (1) the right to make and enforce contracts; (2) the right to sue, be parties, and give evidence; (3) the right to the full and equal benefit of the laws and proceedings for the security of persons and property; and (4) the right to be subjected to like pains and punishments. *See Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1267 (10th Cir. 1989). In 1991, Congress added subsection (c) to § 1981: "The rights protected by this section are protected against impairment by *nongovernmental* discrimination and impairment under color of State law." *See* 42 U.S.C. § 1981(c). The wording is clear: on its face, the new section prohibits nongovernmental discrimination that affects any of the interests protected by § 1981. This protection does not only apply to one of the four protected interests, but all of them. To require state action in light of the unambiguous statute would amount to judicial overreach. The court holds that no state action is required for the plaintiff to establish a claim under § 1981's "full and equal benefit of the laws" clause. *See Lee v. Brown Group Retail, Inc.*, 2003 WL 22466187, at *4 (D. Kan. Oct. 6, 2003).

    2. Baker Can Establish a Prima Facie Case Under § 1981

6

To establish a prima facie case of discrimination under § 1981, the plaintiff must show: (1) that the plaintiff is a member of a protected class; (2) that the discrimination interfered with a protected interest as defined in § 1981; and (3) that the defendant intentionally discriminated on the basis of race. *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1101-02 (10th Cir. 2001). The "protected interest" requirement refers to any of the interests listed in § 1981. *See Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1267 (10th Cir. 1989).

"The cases which have permitted § 1981 actions to proceed upon a claimed violation of the equal benefit clause . . . allege detentions or arrests or searches by police or security personnel." *Lewis v. Commerce Bank & Trust*, 333 F. Supp. 2d 1019, 1021 (D. Kan. May 13, 2004) (collecting cases). In these cases, the defendant has been the party responsible for detaining, arresting, or searching the plaintiff. *See Chapman v. Higbee Co.*, 319 F.3d 825 (6th Cir. 2003); *Phillip v. Univ. of Rochester*, 316 F.3d 291 (2nd Cir. 2003); *Alexis v. McDonald's Restaurants*, 67 F.3d 341 (1st Cir. 1995); *Lee v. Brown Group Retail, Inc.*, 2003 WL 22466187, Case No. 03-2304-GTV (D. Kan. Oct. 6, 2003).

The court in *Lewis* distinguished the case before it from those listed above before dismissing the §1981 claim before it. 333 F. Supp. 2d at 1021 In *Lewis*, the plaintiff alleged that when he went to deposit his student loan check, the bank profiled him based on his race by writing and circulating a memo—along with videotape footage of his bank visit—to other banks indicating plaintiff was suspicious. *Id.* at 1020. The court found that this conduct did not violate any law or proceeding under § 1981. *Id.* at 1021. Even if the bank had acted out of racial prejudice, it did not detain, search, or arrest the

7

plaintiff as was the case in the other claims allowed under the equal benefit clause of § 1981. *Id.* at 1022.

In the case at hand, neither party disputes that Baker has established the first requirement of his prima facie case; as a black male, Baker is a member of a protected class. However, defendants argue that they are entitled to summary judgment because Baker cannot show that the defendants racially discriminated against him or interfered with a § 1981 protected activity. The court first assesses whether Baker can show racial discrimination.

It is not this court's function to weigh evidence in the record to determine the truth of any factual issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–51 (1986). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (1986) (quoting *Anderson*, 477 U.S. at 255). Issues such as intent and discrimination are inherently fact based and may be based on inferences that the fact finder may or may not draw. *Pullman-Standard v. Swint*, 456 U.S. 273, 287–88 (1982) ("Treating issues of intent as factual matters for the trier of fact is commonplace."); *see also Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1123–24 (10th Cir. 2001) (existence of unlawful animus "better suited for resolution by the finder of fact based upon the evidence presented and a first-hand opportunity to evaluate the credibility of the witnesses" rather than by a court on summary judgment).

Discriminatory intent need not be proved by direct evidence. *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d at 1091, 1107–08 (10th Cir. 2001). A plaintiff may attempt to

8

prove intentional discrimination by presenting circumstantial evidence, be it direct or indirect. *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 999–1000 (10th Cir. 2011). "Necessarily, an invidious discriminatory purpose may often be inferred from the totality of the relevant facts . . . ." *Rogers v. Lodge*, 458 U.S. 613, 618 (1982) (quoting *Washington v. Davis*, 426 U.S. 229, 242 (1976)).

Baker's evidence is circumstantial, but this is not fatal to his claim. *See Twigg*, 659 F.3d at 999–1000. As was discussed in the assessing the genuine issues of material fact, Baker's version of the facts tend to leave racial discrimination as one plausible explanation for the security guards' actions. The court recognizes that the issue of intent is better left to the jury. *See Bausman*, 252 F.3d at 1123–24. The court finds that Baker has provided enough evidence for a reasonable jury to find in his favor. Accordingly, defendants are not entitled to judgment as a matter of law on the issue of intentional discrimination. Nevertheless, the court must analyze whether judgment as a matter of law would be appropriate on the issue of whether defendants interfered with a protected activity under § 1981.

Of the four interests protected in § 1981, Baker alleges only that he was deprived of his right to the full and equal benefit of the laws. Baker alleges that the security guards called the police because of his race and he was detained at length by state law enforcement officers and made late for work because of their actions. He claims that the security guards' relationship with the Leawood Police Department was such that they knew their call would result in police officers being sent to the area. Although the

9

security guards may be private actors, presumably they are trained and know the consequences of their actions, including calls made to the Leawood Police.

Comparing the facts alleged here to those in *Lewis*, the court finds that the defendants are not entitled to judgment as a matter of law. In *Lewis*, the bank spread information around to other banks, which stigmatized the plaintiff. However, as the court made clear, these actions did not result in the plaintiff being denied the equal benefit of laws and proceedings for the security of his person or property. *Lewis*, 333 F. Supp. 2d at 1021. "The feeling of detention is simply not comparable to the cases. . . where persons actually were detained by police officers or security personnel." *Id*.

According to the facts plead in this case, Baker had more than a "feeling of detention" when he was stopped and questioned by law enforcement officers as a result of the security guards' suspicions. Although the defendants did not directly detain, arrest, or search the plaintiff, this court holds that the security guards' training and awareness of the results of calling the police department are sufficient to establish a nexus through which they can be held responsible for Baker's detention.

**IV. Conclusion**

Genuine disputes of material facts remain for the trier of fact, and defendants are not entitled to judgment as a matter of law. Accordingly, the court denies defendants' motion for summary judgment.

IT IS THEREFORE ORDERED this 22nd day of January, 2013, that the defendants' Motion for Summary Judgment (Dkt. 43) is denied.

10

                                          s/ J. Thomas Marten  
                                          J. THOMAS MARTEN, JUDGE